UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD B. APPLEBAUM; and
KAILEY SOUTHWORTH,

                       Appellants,         Case No. 1:21-CV-0137(GTS)

v.

CODIE B. SOUTHWORTH,

                       Appellee.
_____

APPEARANCES:                                   OF COUNSEL:

RICHARD B. APPLEBAUM
  Appellant, *Pro Se*
1216 Atwood Avenue, Suite 3
Johnston, RI 02919

KAILEY SOUTHWORTH
  Appellant, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

SELBACH LAW OFFICES, P.C.             JAMES F. SELBACH, ESQ.
  Counsel for Appellee
8809 Daylight Drive
Liverpool, NY 13090

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before this Court is the appeal of Richard B. Applebaum and Kailey Southworth ("Appellants") from the Memorandum-Decision and Order of United States Bankruptcy Judge Robert E. Littlefield, Jr., issued on January 21, 2021, finding Appellants in contempt of the Bankruptcy Court's discharge injunction of February 25, 2019. (Dkt. No. 1.)

For the reasons set forth below, Appellants' appeal is denied, and Bankruptcy Judge Littlefield's Memorandum-Decision and Order is affirmed.

**I.      RELEVANT BACKGROUND**

For the sake of brevity, the Court will not recite the underlying bankruptcy action's procedural history, of which the parties have demonstrated an adequate understanding in their briefs. (*See generally* Dkt. Nos. 16, 17, 18.) Rather, the Court will state merely that, in his Memorandum-Decision and Order of January 21, 2021, Bankruptcy Judge Littlefield held both Appellants to be in contempt of the discharge injunction, based on their failure to supply the Bankruptcy Court with any relevant argument and the fact that no stay was in place during the period of November 4, 2020, to December 4, 2020. (Dkt. No. 5, Attach. 7.)

Generally, in his brief in-chief, Appellant Applebaum asserts two alternative arguments: (1) Bankruptcy Judge Littlefield's Memorandum-Decision and Order of January 21, 2021, is "contradictory" because it fails to analyze the record evidence that (purportedly) establishes that Appellant Applebaum's actions fell within the so-called "safe harbor provisions" of *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019) (specifically, the evidence that the debt owed to Appellant Southworth had not been in fact discharged, the evidence that Appellant Applebaum never received notice of the discharge injunction, the evidence that the discharge injunction stated merely that "[m]ost debts are covered by the discharge, but not all," and the evidence that Appellant Applebaum had been relying in good faith on caselaw from a circuit court outside of the Second Circuit); and (2) in any event, Bankruptcy Judge Littlefield's Memorandum-Decision and Order of January 21, 2021, is neither "ethical" nor "reasonable," given (a) the fact that the experienced counsel for Codie B. Southworth ("Debtor" or "Appellant"), James F. Selbach,

improperly sought a finding of contempt despite knowing of the above-referenced evidence, and (b) the fact that three "litigation alternatives" exist to Bankruptcy Judge Littlefield's finding of contempt. (Dkt. No. 8.)

Generally, in her brief in-chief, Appellant Southworth asserts three arguments: (1) she did not receive sufficient notice of the discharge injunction, because that order was vague and confusing, and she could interpret it only through relying (in good faith) on the advice of counsel (Appellant Applebaum); (2) the Bankruptcy Court regularly reopens bankruptcy cases for the limited purpose of adding a creditor and, if the Bankruptcy Court is not able to do so here, it should provide her with an Order of Discharge; and (3) Bankruptcy Judge Littlefield was biased, because he neither recused himself nor even informed the parties that he is a founding member of the Capital Region Bankruptcy Bar Association, of which co-counsel for Debtor/Appellant is Michael Boyle. (Dkt. No. 9.)

Generally, in his response brief, Appellee asserts four arguments: (1) Bankruptcy Judge Littlefield did not err with regard to 11 U.S.C. § 523(a)(3)(A), because (a) neither Appellant argued to Bankruptcy Judge Littlefield that any of the discharge exceptions contained in 11 U.S.C. § 523 were applicable, (b) in any event, Bankruptcy Judge Littlefield correctly found that Jeffrey Southworth provided actual notice to Appellant Southworth of Appellee's filing no later that January 1, 2019 (and thus Appellant Southworth had time to object to dischargeability and timely file a proof of claim), that it was incorrect to argue that the debt owed to Appellant Southworth had not been in fact discharged, and that Appellant Applebaum's other arguments (including his argument about the alternatives to a contempt finding) were irrelevant; (2) Bankruptcy Judge Littlefield did not err with regard to 11 U.S.C. § 350(b), because (a) it is

irrelevant that, generally, a bankruptcy court possesses the discretion (under that statute) to reopen a bankruptcy case where, as here, Debtor did so merely to file a motion for violation of the discharge injunction (not to add a creditor), and (b) Appellants appealed Bankruptcy Judge Littlefield's Order Reopening Case of September 24, 2019, which is now final; (3) Bankruptcy Judge Littlefield correctly followed the protocol set forth in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), for determining the propriety of sanctions for violating a discharge injunction, because (a) he first examined whether a party had violated the discharge injunction (answering that question in the affirmative based on the Applebaum correspondence and subsequent Rhode Island lawsuit), and (b) he then (after giving the parties the opportunity to present further argument on the issue) examined whether there was any *objectionably* reasonable basis for concluding that the party's conduct might be lawful (also answering that question in the affirmative, based on both Jeffrey Southworth's response Appellant Applebaum's untimely response, the latter of which focused irrelevantly on the purported subjective reasonableness of his conduct not objective reasonableness of that conduct); and (4) Appellant Applebaum's attacks on the conduct of counsel for Debtor/Appellant are immaterial in that (a) Bankruptcy Judge Littlefield's Memorandum-Decision and Order of January 21, 2021, never considered any issues regarding the conduct of Debtor's counsel, and (b) the attacks do not address any allege error of Bankruptcy Judge Littlefield.  (Dkt. No. 22.)

      Neither Appellant filed a reply brief, despite having had the opportunity to do so.  (*See* Docket Entry dated June, 09, 2021 [setting reply deadline as June 29, 2021.)

**II.**      **LEGAL STANDARD**

      This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a).  On an appeal, "a

district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Verna v. U.S. Bank Nat'l Ass'n*, 15-CV-1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing former Fed. R. Bankr. P. 8013); *accord*, *W. Milford Shopping Plaza, LLC v. The Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 14-CV-4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).[1]  The bankruptcy court's legal conclusions are subject to *de novo* review. *Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003).  The bankruptcy court's factual findings are subject to clear-error review. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.).[2]  Finally, mixed questions of law and fact are reviewed "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express*

---

[1] Although Fed. R. Bankr. P. 8013 was amended in 2014 and no longer explicitly states, *inter alia*, that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree," "logic still compels the same conclusion with respect to the appellate powers of the District Court." *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 & n.1.

[2] A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]).  Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

*Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

### III. ANALYSIS

After carefully considering Appellants' arguments on appeal, the Court rejects those arguments for each of the reasons offered by Appellee in his response brief and the reasons offered by Bankruptcy Judge Littlefield in his Memorandum-Decision and Order of January 21, 2021. *See, supra,* Part I of this Decision and Order. To those reasons, the Court adds two points, which are intended to supplement and not supplant those reasons.

First, based on the record before the Court, the Court finds that Judge Littlefield's Memorandum-Decision and Order of January 21, 2021, to be free of any error in its legal conclusions, any clear error in its factual findings, and any error with regard to its answer to mixed questions of law and fact (regardless of whether those questions were predominantly legal or factual). He afforded Appellants due notice and an opportunity to be heard, dispassionately reviewed the evidence before him, and in applying the law to the facts both reasonably and correctly followed the protocol set forth in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019). As they did before Bankruptcy Judge Littlefield, Appellants have failed to present this Court with arguments that are apposite.

Second, the Court rejects Appellant Southworth's third argument because it finds that she has failed to show anything improper about Bankruptcy Judge Littlefield's action of continuing to preside over the case under the circumstances.

**ACCORDINGLY**, it is

**ORDERED** that Appellants' appeal is **DENIED**, and Bankruptcy Judge Littlefield's Decision and Order of January 21, 2021, is **AFFIRMED**.

Dated: September 20, 2021
      Syracuse, New York

*[signature]*

Hon. Glenn T. Suddaby
Chief U.S. District Judge